The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner William C. Bost and the arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the holding of the prior Opinion and Award. However, pursuant to G.S. § 97-85, the Full Commission has modified the Findings of Fact in affirming the holding of the prior Opinion and Award.
 **********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on December 3, 1997 as:
 STIPULATIONS
The Pre-Trial Agreement filed with the Commission on November 24, 1997 is incorporated herein by reference as if fully set forth.
The Stipulation of Medical Records dated December 3, 1997 is incorporated herein by reference as if fully set forth.
The parties stipulated that the disputed issues to be heard are whether plaintiff suffered a compensable injury in the course and scope of his employment on April 24, 1997, and, if so, what compensation benefits, if any, is plaintiff entitled to receive.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. Plaintiff began working for Watkins Engineering Construction on April 22, 1997. At the hearing, plaintiff admitted that he had provided false information on his employment application in order to obtain the job. Plaintiff also admitted that he did not disclose all responsive information regarding previous injuries in his responses to defendants' discovery requests.
2. Plaintiff testified that on April 24, 1997, two days after he began working for defendant-employer, he slipped at work and injured his left arm. Plaintiff further testified that he reported his injury immediately to one of his supervisors, Mr. Chris Johnson.
3. Mr. Chris Johnson testified that plaintiff had not reported any work related injury to him. Further, Mr. Johnson testified that on the date in question he had chastised plaintiff for not working hard enough, and that the two of them had gotten into an argument. Plaintiff was terminated as a result of said argument, which Mr. Johnson deemed to be insubordination. Mr. Johnson's testimony is accepted as credible.
4. During the time plaintiff's termination was being processed, he had the opportunity to inform several individuals in authority of his alleged injury, but did not. Several individuals observed plaintiff during the termination process waving his arms in a manner inconsistent with his alleged injury.
5. Following his termination, plaintiff left the employer's premises at approximately 12:00 noon. Later that afternoon, he was observed socializing at around 3:00 p.m., which was shortly before he called to report his alleged work-related injury. While socializing, plaintiff was again observed waving his arms in a manner inconsistent with his alleged injury.
6. Approximately 6:00 p.m. April 24, 1997, plaintiff was treated and released at the Pitt County Memorial Hospital Emergency Room, where he was informed that he had suffered a fracture to the left arm. Prior to plaintiff's presentation at the emergency room, he had telephoned defendant-employer a second time regarding the need for medical treatment for his left arm injuries suffered on the job. Plaintiff's request for medical treatment was denied by defendant-employer.
7. Plaintiff was treated at Pitt County Memorial Hospital on April 24, 1997. Hospital records reflect that there was swelling and a deformity in plaintiff's left arm. Plaintiff was splinted and ordered to follow-up with Dr. Lamont Wooten, an orthopaedic surgeon. Plaintiff was subsequently treated for a period of time by Dr. Wooten and underwent a period of physical therapy.
8. Plaintiff was diagnosed with post-traumatic deformity and possible ligamentous disruption in his wrist.
9. Based upon the evidence of record, plaintiff has failed to produce sufficient evidence to support his claim.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On or about April 24, 1997, plaintiff did not sustain an injury as the result of an interruption of his normal work routine by the introduction of unusual conditions likely to result in unexpected consequences; therefore, any injury sustained by plaintiff on or about April 24, 1997 did not result from an injury by accident arising out of and in the course of plaintiff's employment with defendant-employer. N.C.G.S. § 97-2(6).
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C.G.S. § 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Under the law, plaintiff's claim must be, and the same is, DENIED.
2. Each side shall bear its own costs.
 S/ ________________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ ______________________ DIANNE C. SELLERS COMMISSIONER
S/ ______________________ LAURA K. MAVRETIC COMMISSIONER